TIMOTHY D. BARROW, ESQ.
Grist Mill Square, Suite 3
148 Main Street
Lebanon, New Jersey  08833
(908) 236-2229
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

------------------------------------------------------------------
ASPEN SPECIALTY INSURANCE COMPANY,    :
                                                                        *Document Electronically Filed*

                                      Plaintiff,    :    CIVIL ACTION No.
            v.

M/V CMA CGM GEORGIA, her engines, tackle,
appurtenances, etc.,    *in rem,* and
CMA –CGM S.A., *in personam,*                            **VERIFIED COMPLAINT**
                                                                              **IN ADMIRALTY**
                                      Defendants    :
------------------------------------------------------------------

The Plaintiff herein, by its attorney, Timothy D. Barrow, complaining of the above Defendants, verifies upon information and belief as follows:

### THE PARTIES

1.  At and during all times hereinafter mentioned, Plaintiff ASPEN SPECIALTY INSURANCE COMPANY, is a corporation or other business entity duly organized and existing under and by virtue of the laws of the State of North Dakota with an office and place of business at 101 Hudson Street, Jersey City, New Jersey 07302.

2.  Defendant CMA CGM S.A. is a corporation or other business entity organized and

existing under and by virtue of the laws of another country and does business in the State of New Jersey by and through its general agents, CMA - CGM (America) LLC, which has an office and place of business located at One Meadowlands Plaza, Suite 201, East Rutherford, New Jersey 07073.

      3.     Plaintiff brings this action as the subrogated insurer of the subject cargo in suit and is entitled to maintain this action and also does so for and on behalf of the shipper, consignee and/or owner of the subject cargo as their interests may appear.

      4.     Defendant vessel CMA CGM GEORGIA is or will be within the District during the pendency of this action.

      5.     Defendant CMA-CGM S.A. is a vessel operating common carrier and/ or contract carrier of cargo for hire and is otherwise a bailee of cargo entrusted in its care, custody and/or control.

## JURISDICTION AND VENUE

      6.     Plaintiff's causes of action are admiralty and maritime claims within the original jurisdiction of this Honorable Court pursuant to 28 U.S.C. § 1333, and also arises under Federal Rule of Civil Procedure 9(h) as well as this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

      7.     Venue is proper and appropriate for this action pursuant to Federal Rule of Civil Procedure 82 as this Court's admiralty jurisdiction has been invoked by Plaintiff and Defendants herein are subject to personal service and/or the provisions of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure.

## **PLAINTIFF'S CAUSE(S) OF ACTION AGAINST DEFENDANTS**

8.  Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 1 through 7 of the within Verified Complaint In Admiralty in their entirety, as if set forth herein at length.

9.  On or about November 27, 2011, Defendant CMA CGM S.A. issued or caused to be issued bill of lading numbered ID1417984 and/or other receipts for the transport by ocean and overland of 1,800 cartons of frozen white shrimp that were to be loaded aboard the M/V CMA CGM LILAC on or about this same date at Surabaya, Indonesia for subsequent discharge at Houston, TX and then delivery at La Porte, TX, in consideration of certain freight paid and received by said Defendant or persons acting on its behalf.

10. The subject cargo of frozen white shrimp, more fully described in the said bill of lading, and/or receipts, was delivered to and received in good order and condition by the Defendant CMA CGM S.A., or persons acting on its behalf, in reefer container no. CGMU9310020 at Surabaya, Indonesia on or before November 27, 2011and loaded aboard the vessel CMA CGM LILAC for ocean transport at which time said Defendant continued to exercised care, control and custody over the subject cargo through to the time of discharge and delivery in the United States.

11. Thereafter the vessel CMA CGM LILAC departed Surabaya on or about November 28, 2011 with the subject cargo aboard and arrived at the port of Hong Kong on or about December 4, 2011 whereby the subject cargo was then loaded aboard the Defendant vessel CMA CGM GEORGIA on or before December 9, 2011 for ocean transportation from Hong Kong to the port of discharge at Houston, TX where said Defendant vessel arrived on or about January 9, 2012. Thereafter, the Defendants discharged the subject cargo on or about January 10, 2012 and delivered same on or about January 11, 2012 by truck to La Porte, TX in a damaged or otherwise unsound condition as a result of defrosting, refreezing and clumping of the shrimp product or other factors making the cargo unacceptable for sale as originally intended.

12. The Defendants' failure to deliver the subject cargo in the same good order, quantity and condition as received at Surabaya was caused by the Defendants and/or their sub-contractors', agents', and/or servants' breaches of contract and/or warranty, negligence, unreasonable deviation(s), and/or reckless conduct or omissions to properly receive, store, load, stow, lash, carry, discharge, store, transport, deliver and care for the subject cargo. By reason of such loss, damage and otherwise unsound condition of the subject cargo, the said Defendants breached, failed and violated their duties and obligations as carriers, bailees, and were otherwise at fault giving rise to the enforcement of Plaintiff's maritime lien and action herein.

13. Plaintiff and its insured(s) have duly performed all duties and obligations on their part to be performed.

14. By reason of the premises, Plaintiff has sustained damages as nearly as same can estimated, no part of which has been paid although duly demanded, in the amount of $80,000.00.

WHEREFORE, Plaintiff demands:

1. That process and warrant for a maritime arrest, attachment and/or garnishment according to the rules and practices of this Court, in causes of admiralty and maritime jurisdiction *in rem*, may issue against the Defendant Vessel and that all persons having or claiming an interest therein may be cited to appear and answer, the matters aforesaid upon application for same by Plaintiff;

2. That process in due form of law according to the practice of this Court may issue against the named Defendants;

3. That if any of the Defendants cannot be found within this District, that all of their property within this District, as shall be described in a subsequent affidavit, be attached in the

sum set forth in this Verified Complaint In Admiralty pursuant to the rules and practices of this Court pertaining to maritime attachment and/or garnishment, with interests and costs;

4. That a decree and judgment may be entered in favor of Plaintiff against the Defendants individually, jointly and severally for the amount of Plaintiff's total damages pleaded herein or to be established at trial, together with pre-judgment and post-judgment interest and taxable costs; and

5. That this Court will grant the Plaintiff such other and further relief as may be just and proper.

                                                       s/ Timothy D. Barrow  
                                                      TIMOTHY D. BARROW  
                                                      Attorney for Plaintiff

Dated: January 9, 2013  
        Lebanon, New Jersey

## ATTORNEY VERIFICATION/CERTIFICATION

I, TIMOTHY D. BARROW, an Attorney at Law of the State of New Jersey and a Member of the Bar of this Court verify, certify, and say:

I am the attorney for the Plaintiff herein; I have read the foregoing Verified Complaint In Admiralty and know the contents thereof; and that the same is true to my knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters, I believe it to be true.

The reason this Verification/Certification is made by undersigned counsel and not by Plaintiff is that Plaintiff's corporate officers and/or managers familiar with this matter are not now present within this District. In light of these circumstances, I have been authorized by Plaintiff to make this Verification on their behalf.

The sources of my information and the grounds for my belief as to those matters stated in the Verified Complaint In Admiralty, to be alleged on information and belief, are documents and records in my file and communications with my client and its representatives.

I hereby verify and certify that the foregoing statements made by me are true. I am aware that if any of these statements made by me are willfully false, I am subject to contempt of Court.

                                            s/ Timothy D. Barrow
                                            TIMOTHY D. BARROW
                                            Attorney at Law – State of New Jersey

DATED: January 9, 2013
             Lebanon, New Jersey